IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| BRENDA DAVIS and RICHELLE RUBIN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 13-2497-JDT-dkv |
| MEMPHIS POLICE DEPARTMENT, | ) ) ) | |
| Defendant. | ) ) | |

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

On July 3, 2013, the plaintiffs, Brenda Davis ("Davis") and Richelle Rubin ("Rubin"), residents of Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by Davis's motion seeking leave to proceed *in forma pauperis*. (Compl., Docket Entries ("D.E.") 1 & 2.) In an order issued on July 10, 2013, the court directed Rubin to file a properly completed *in forma pauperis* affidavit or pay the filing fee within twenty-eight days of the date of the order, (D.E. 3). Also on July 10, 2013, the court issued an order granting Davis's motion for leave to proceed *in forma pauperis*, (D.E. 4). This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.) For the reasons that follow, it is recommended that this case be dismissed for failure to timely file the complaint and for failure to state a claim.

I. PROPOSED FINDINGS OF FACT

In their complaint, Davis and Rubin state that "[o]n July 2, 2012, Lorenzo Davis, Jr. was allegedly said to have been a suspect in a reported drug sale. While he was in police custody, witnesses reported Mr. Davis was severely beaten by six Caucasian Memphis Police Officers. An ambulance transported Mr. Davis to Methodist Central Hospital at 9:58 p.m. and Mr. Davis died at 2:45 a.m. on July 3, 2012." (Compl., D.E. 1 ¶ IV.) Named as the only defendant is the Memphis Police Department. It appears from the complaint that Brenda Davis is the mother of Lorenzo Davis and that Richelle Rubin is the mother of Lorenzo Davis, Jr.'s two minor children.

Davis and Rubin seek "justice served on the Memphis Police Department and the officer involved in killing Lorenzo Davis, Jr. so that the truth is known and so that such a horrible event like this doesn't happen to anyone else, since we trust the police to help us and keep us safe." (*Id.* ¶ V.) Davis and Rubin want "financial restitution for Lorenzo Davis's two minor children for their care, since now deprived of their father and any support he contributed." Davis also asks for all expenses related to Lorenzo Davis, Jr.'s funeral and compensation for her grief and suffering. (*Id.*)

II. PROPOSED CONCLUSIONS OF LAW

A. <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue

summonses to *pro se* litigants only after that review is complete and an order of the court issues.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action

    (I)       is frivolous or malicious;

    (ii)      fails to state a claim on which relief may be granted; or

    (iii)     seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Because Davis is the only *pro se* plaintiff who has been granted leave to proceed *in forma pauperis*, (D.E. 4), this report and recommendation will constitute the court's screening as to her claims against the Memphis Police Department.

B.    <u>Standard of Review for Failure to State a Claim</u>

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at

3

679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). "A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 Fed. App'x 608, 613 (6th Cir.

4

2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 Fed. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 Fed. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C. <u>Subject-Matter Jurisdiction</u>

As an initial matter, the court must determine whether it has subject-matter jurisdiction over this action. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)("Federal

5

courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982)("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 ("It is a fundamental precept that federal courts are courts of limited jurisdiction."). Federal courts are obliged to act *sua sponte* whenever a question about jurisdiction arises. *See, e.g.*, *Ins. Corp. of Ireland, Ltd.*, 456 U.S. at 702 ("A court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion."); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938); *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009)("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*."). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Pursuant to Rule 8(a)(1) of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction." The complaint contains no jurisdictional

allegations, but it is a court-supplied complaint form styled as one under 42 U.S.C. § 1983. This is sufficient to confer federal-question jurisdiction on the court.

D. <u>Claims Under 42 U.S.C. § 1983</u>

Using the court-supplied complaint form, Davis alleges violation of her son's civil rights under 42 U.S.C. § 1983. (Compl., D.E. 1 ¶ V.) In addition, Davis seeks damages for her own "grief and suffering" that resulted from her son's death. (*Id.*) In order "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989)(quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

1. *Standing*

Lack of standing implicates the case-or-controversy requirement of Article III, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), and, therefore, is a threshold issue in every federal case. *Midwest Media Prop. L.L.C. v. Symmes Township, Ohio*, 503 F.3d 456, 469-70 (6th Cir. 2007). "Although section 1983 provides for liability to the party injured, it does not foreclose survival of the action in behalf of the estate of the injured party." *Hall v. Wooten*, 506 F.2d 564, 566 (6th Cir. 1974)(citation and internal quotation marks omitted). In *Hall*, the Sixth Circuit held that an action for personal injury based on violation of a persons' civil rights survives under federal common law and may be maintained by the decedent's legal representative. (*Id*. at

569)(adopting "as federal common law, the law of Kentucky . . . which provides for the survival of actions for personal injury.") A cause of action under section 1983 is different from a wrongful death action. "The § 1983 cause of action . . . is a personal action cognizable only by the party whose civil rights had been violated; while, on the other hand, the wrongful death action is a cause of action that inures to the benefit of decedent's estate, as a result of, not the personal injury suffered by the *decedent,* but rather, injuries to his estate caused by his wrongful death." *Jaco v. Bloechle*, 739 F.2d 239, 242 (6th Cir. 1984). "[T]he wrongful death of the decedent resulting from a tort, which gives rise to the cause of action for the benefit of his heirs, is not equivalent to decedent's personal § 1983 claim." *Id.* at 242-43. "[T]he decedent's civil rights claim, a personal cause of action, may be pursued in the name of the decedent's personal representative, [which is] defined by the law of the forum jurisdiction . . . ." *Id.* at 245. Tennessee law provides that the survival of action passes to the "person's surviving spouse and, in case there is no surviving spouse, to the person's children or next of kin; to the person's personal representative, for the benefit of the person's surviving spouse or next of kin." TENN. CODE ANN. § 20-5-106.

The complaint does not allege that Davis is her son's personal representative, and therefore the court assumes that Davis is not acting in a representative capacity for her son's estate. To the extent that Davis is attempting to bring a survival action under section 1983 to recover damages on behalf of the decedent for injuries he allegedly sustained in violation of his civil rights,

8

she has no standing to do so in her individual capacity. Nor does she have a claim for damages for her own grief and suffering under section 1983 because only damages for the personal injury suffered by the *decedent* are recoverable in a cause of action under section 1983.

Further, Davis, in her individual capacity cannot bring this suit for the benefit of the Lorenzo Davis's surviving spouse, if he in fact had a surviving spouse,[1] or his two minor children unless she is the personal representative of the decedent's estate. Even if she were the personal representative of Lorenzo Davis's estate, she cannot prosecute a case *pro se* on behalf of the two minor children. Federal law specifies that cases in the courts of the United States may be conducted only by the parties personally or through counsel. 28 U.S.C. § 1654. That statute provides that, "[i]n all courts of the United States, the parties may plead and conduct *their own cases* personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." *Id.* (emphasis added). The federal courts have long held that § 1654 preserves a party's right to proceed *pro se*, but only on his own claims. Only a licensed attorney may represent other persons. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-03 (1993); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969); *accord Sheperd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2003)(*pro se* party may not prosecute a wrongful death action on behalf of other

---

[1] The complaint alleges that Rubin is the mother of Lorenzo Davis's two minor children, not his spouse.

9

beneficiaries). No *pro se* plaintiff may sign pleadings on behalf of another plaintiff. *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear *pro se* on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'"); *Mikeska v. Collins*, 928 F.2d 126 (5th Cir. 1991); *Bonacci v. Kindt*, 868 F.2d 1442, 1443 (5th Cir. 1989). The Sixth Circuit considers this issue one of lack of standing. *Oliver v. Pogats*, No. 91-1717, 1992 WL 76951, at *1 (6th Cir. Apr. 13, 1992). Thus, Davis lacks standing to bring this lawsuit.[2]

    2. *Statute of Limitations*

Actions under section 1983 are governed by state statutes of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 269 (1985). Actions for personal injuries in Tennessee have a one-year limitation period. TENN. CODE ANN. § 28-3-104(a); *see also Moore v. Potter*, 47 F. App'x 318, 320 (6th Cir. 2002)("The appropriate statute of limitations for personal injury actions arising in Tennessee and brought under the federal civil rights statutes is one year." (citations omitted)).

"Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984)(citations omitted). "The statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* at 273 (citations omitted). "A plaintiff has reason to know

---

    [2] Unless Rubin is the surviving spouse of Lorenzo Davis, she also lacks standing.

10

of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.*

In particular, most courts have held that the section 1983 statute of limitation period begins on the date of the constitutional violation, and not on the date of decedent's death. *Garrett v. Belmont Cnty. Sheriff Dep't*, No. 2:08-CV-0452, 2011 WL 765975, at *2 (S.D. Ohio Feb. 25, 2011); *see, e.g.*, *Brockman v. Texas Dep't of Criminal Justice*, 397 F. App'x 18, 22 (5th Cir. 2010)(holding that the federal cause of action accrued when the alleged civil violation occurred, and not when the decedent died); *Lockhart v. Gov't of Virgin Islands*, No. Civ.A. 05-125, 2009 WL 812266 , at *6 (D.V.I. Mar. 26, 2009)(holding that the federal cause of action accrued on the date of the shooting, because the cause of action for unlawful use of excessive force was "complete" on that date and the exact time of the decedent's death was "irrelevant and immaterial to the accrual of his § 1983 claim"); *Ferderbar v. Cnty. of Allegheny*, No. Civ.A. 05-1518, 2006 WL 909478, at *3 (W.D. Pa. Apr. 7, 2006)(holding that the section 1983 claims accrued on the day the decedent was shot, and not on the day he died).

In this case, Davis's section 1983 claims accrued on July 2, 2012, the day the decedent was allegedly beaten by the Memphis Police officers. (Compl., D.E. 1 ¶ IV.) Therefore, the statute of limitations ran on Davis's section 1983 claims on July 2, 2013, one day before the complaint was signed and filed.[3] (*Id.*)

---

[3] July 2, 2013 fell on a Tuesday and was not a federal holiday.

11

Accordingly, any claims under section 1983 are time-barred, and it is recommended that the case be dismissed for failure to timely file the complaint.

3. *Claims Against the Memphis Police Department*

Although it is not necessary to address the claims against the only named defendant, Memphis Police Department, because the lawsuit it untimely, the court will nevertheless do so. The Memphis Police Department is a division of the City of Memphis.

When a section 1983 claim is made against a municipality, the court must analyze two distinct issues: (1) whether plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

A municipality "cannot be held liable *solely* because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978)(emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988)(quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986))(emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit." *Alkire*, 330 F.3d at 815 (quoting *Monell*, 436 U.S. at 690-91). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Co. v. Dodson*, 454 U.S. 312, 326 (1981)(citation omitted)).

In the instant case, Davis has not alleged that the Memphis Police Department acted pursuant to a municipal policy or custom in causing their alleged harm, and nothing in the complaint demonstrates that any Memphis Police Department action occurred as a result of a policy or custom implemented or endorsed by the City of Memphis. Consequently, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable section 1983 claim against the City of Memphis Police Department, and it is recommended that any claim under 42 U.S.C. §

1983 against the City of Memphis Police Department be dismissed for failure to state a claim.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be dismissed *sua sponte* against the defendant for failure to timely file the complaint and for failure to state a claim pursuant to Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(ii) on which relief may be granted.

Respectfully submitted this 6th day of August, 2013.

    s/Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.